1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   ROSA TELLEZ-LAGUNAS, an            Case No.:  22cv1067-GPC(MDD)
     individual,
12                                      **ORDER DENYING PLAINTIFF'S**
                            Plaintiff,  **MOTION TO REMAND**
13
     v.
14                                      **[Dkt. No. 8.]**
     HYATT CORPORATION dba Andaz San
15   Diego, a Delaware corporation doing
     business in California; and DOES 1-10,
16   inclusive,
17
                            Defendant.
18
19
20        Before the Court is Plaintiff's motion to remand to state court.  (Dkt. No. 8.)

21   Defendant filed an opposition and Plaintiff replied.  (Dkt. Nos. 12, 13.)  Based on the

22   reasoning below, the Court DENIES Plaintiff's motion to remand.

23                              **Background**

24        On July 21, 2022, the case was removed from state court.  (Dkt. No. 1.)

25   On June 17, 2022, Plaintiff Rosa Tellez-Lagunas ("Plaintiff") filed a complaint in San

26   Diego Superior Court against Defendant Hyatt Corporation dba Andaz San Diego

27   ("Defendant") for 1) age discrimination under California's Fair Employment and

28   Housing Act ("FEHA"), California Government Code section 12940 *et seq*.; 2) failure to

1

prevent discrimination in violation of FEHA, California Government Code section 12940 *et seq.*; 3) wrongful termination in violation of public policy; 4) failure to recall a laid-off employee under San Diego Municipal Code section 311.02; 5) failure to pay minimum and regular wages in violation of California Labor Codes sections 223, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198; 6) failure to pay overtime wages under California Labor Code sections 204.3, 510, 1194 and 1198; 7) failure to provide meal periods under California Labor Code sections 226.7, 512, 1198; 8) failure to provide rest periods under Cal. Labor Code sections 226.7 and 1198; 9) failure to provide and maintain accurate payroll records under California Labor Code sections 226(a), (f), (h), 226.3, 1174(d) and 1198; 10) failure to timely pay wages due under Labor Code sections 201-04, and 210; and 11) unfair business practices under California Business & Professions Code section 17200 *et seq*. (Dkt. No. 1-3, Compl.)  She seeks economic damages, punitive damages, emotional distress damages, attorney' fees and costs, statutory civil penalties and injunctive relief.  (*Id.* ¶ 31; *id.* at p. 24-25.)

Plaintiff was employed by Defendant for 13 years and worked her way up to Housekeeping Coordinator where she was employed for about five years at Andaz San Diego ("Andaz"), a boutique hotel, until she was furloughed on March 20 or 21, 2020 due to the COVID-19 pandemic.  (*Id.* ¶¶ 1, 2, 4, 13.)  She was told that she would be called back to her position once Andaz reopened.  (*Id.* ¶ 13.)  On June 18, 2020, Hyatt informed Plaintiff that her furlough would become a layoff effective June 23, 2020 and her employment would be terminated.  (*Id.* ¶ 16.)  As Andaz began to open up, Plaintiff was not offered a position to return back and instead Defendant hired a significantly younger and less qualified individual as Housekeeping Coordinator.  (*Id.* ¶ 18.)  Plaintiff alleges Defendant used the stay-at-home order as a pretext and opportunity to unlawfully discriminate against Plaintiff by terminating and replacing her with a substantially younger and less qualified individual.  (*Id.* ¶ 19.)  Plaintiff also alleges a number of wage and hour violations.  (*Id.* ¶¶ 28-30; 76-111.)

22cv1067-GPC(MDD)

1    In the notice of removal, Defendant alleges diversity jurisdiction.  (Dkt. No. 1, Not.

2  of Removal ¶ 4.)  Defendant is informed and believes that Plaintiff is a citizen and

3  resident of California.  (*Id.* ¶ 4(a).)  Defendant is incorporated in the State of Delaware

4  with its principal place of business in the State of Illinois.  (*Id.* ¶ 4(b).)  The notice of

5  removal states that the amount in controversy exceeds $75,000.  (*Id.* ¶ 4(c).)

6                                   **Discussion**

7  **A.    Legal Standard on Removal**

8    To remove a case from a state court to a federal court, a defendant must file a

9  notice of removal "containing a short and plain statement of the grounds for removal."

10  28 U.S.C. § 1446(a).  When removal is based on diversity of citizenship, the amount in

11  controversy must exceed $75,000, and the parties must be diverse.  28 U.S.C. § 1332.

12  The party invoking the removal statute bears the burden of establishing that federal

13  subject-matter jurisdiction exists.  *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195

14  (9th Cir. 1988).  Moreover, courts "strictly construe the removal statute against removal

15  jurisdiction."  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v.

16  Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)).  Therefore, "[f]ederal jurisdiction must be

17  rejected if there is any doubt as to the right of removal in the first instance."  *Gaus,* 980

18  F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir.

19  1979)).  The parties do not dispute that the parties are diverse and only dispute the

20  amount in controversy.

21  **B.    Amount in Controversy**

22    Plaintiff moves to remand arguing that Defendant fails to meet the burden of

23  demonstrating by a preponderance of the evidence that the amount in controversy

24  exceeds $75,000 because the notice of removal does not include any calculations or

25  estimations of the amount in controversy and includes unsupported speculations about

26  emotional distress, attorneys' fees and punitive damages.  (Dkt. No. 8 at 6.)  Defendant

27  responds, in its opposition, it has met its burden of showing that the amount in

28

1  controversy exceeds the jurisdictional threshold of $75,000 by a preponderance of the

2  evidence.  (Dkt. No. 12 at 5.)

3      "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-

4  controversy allegation should be accepted when not contested by the plaintiff or

5  questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S.

6  81, 87 (2014).  "[A] removing defendant's notice of removal 'need not contain

7  evidentiary submissions' but only plausible allegations of the jurisdictional elements".

8  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v.*

9  *Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).  However, once a plaintiff

10  challenges the defendant's assertions, the defendant must prove by the preponderance of

11  the evidence that the amount in controversy exceeds the jurisdictional threshold.  *Dart*

12  *Cherokee,* 574 U.S. at 88.  "Conclusory allegations as to the amount in controversy are

13  insufficient."  *Matheson v. Progressive Specialty Ins., Co.,* 319 F.3d 1089, 1090-91 (9th

14  Cir. 2003).  "[A] defendant cannot establish removal jurisdiction by mere speculation and

15  conjecture, with unreasonable assumptions."  *Ibarra,* 775 F.3d at 1197.  "Under this

16  burden, the defendant must provide evidence establishing that it is 'more likely than not'

17  that the amount in controversy exceeds [$75,000]."  *Sanchez v. Monumental Life Ins. Co.*,

18  102 F.3d 398, 404 (9th Cir. 1996).  The type of evidence the Court will consider include

19  "the facts presented in the removal petition as well as any 'summary judgment-type

20  evidence . . . .'"  *Valdez v. Allstate, Inc.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting

21  *Matheson,* 319 F.3d at 1090).  "[W]hen a defendant's assertion of the amount in

22  controversy is challenged . . . both sides submit proof and the court decides, by a

23  preponderance of the evidence, whether the amount-in-controversy requirement has been

24  satisfied."  *Dart,* 574 U.S. at 88.

25      "The amount in controversy is simply an estimate of the total amount in dispute,

26  not a prospective assessment of defendant's liability", *Arias,* 963 F.3d at 927 (quoting

27  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)), and reflects the

28  maximum recovery the plaintiff could reasonably recover.  *See Chavez v. JPMorgan*

4

1  *Chase & Co*., 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in

2  controversy includes all amounts "at stake" in the litigation at the time of removal,

3  "whatever the likelihood that [the plaintiff] will actually recover them").

4       In determining the amount in controversy, the Court must assume that the

5  allegations in the complaint are true and that a jury will return a verdict in the plaintiff's

6  favor on all of the claims in the complaint.  *Kenneth Rothschild Tr. v. Morgan Stanley*

7  *Dean Witte*r, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what

8  amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will

9  *actually owe*."  *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1205 (E.D. Cal.

10 2008) (emphasis in original); *see also Rippee v. Boston Market Corp*., 408 F. Supp. 2d

11 982, 986 (S.D. Cal. 2005).

12      In the complaint, Plaintiff seeks economic damages, punitive damages, emotional

13 distress damages, attorney' fees and costs, statutory civil penalties and injunctive relief.

14 (Dkt. No. 1-3, Compl. ¶ 31; *id.* at p. 24-25.)

15      **1.      Stipulation to Remand**

16      To start, Defendant argues that Plaintiff's refusal to stipulate that the total amount

17 of damages is less than $75,000 in exchange for Defendant's agreement to remand

18 supports federal court jurisdiction.  (Dkt. No. 12 at 8.)  Plaintiff disagrees.  (Dkt. No. 13

19 at 2-4.)

20      The United States Supreme Court has held that a plaintiff may not "after removal,

21 by stipulation, by affidavit, or by amendment of his pleadings, reduce[] the claim below

22 the requisite amount."  *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 292-

23 93 (1938) ("Thus events occurring subsequent to removal which reduce the amount

24 recoverable, whether beyond the plaintiff's control or the result of his volition, do not

25 oust the district court's jurisdiction once it has attached."); *Conrad Assocs. v. Hartford*

26 *Acc. & Indem. Co*., 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) ("[S]ince a defect in

27 subject matter jurisdiction cannot be stipulated to or waived, attempting to force the

28

1    plaintiff to enter a stipulation regarding the potential amount of damages would serve no

2    effect in determining the actual amount in controversy at the time of removal.”).

3         Here, after removal of the case, Defendant sought Plaintiff's stipulation to agree to

4    an amount of damages under $75,000.  (Dkt. No. 12-2, Hansen Decl. ¶¶ 3-5.)  Therefore,

5    any stipulation made after removal has no effect on the Court's jurisdiction, *see St. Paul*

6    *Mercury Indem. Co.*, 303 U.S. at 292-93, thus, the Defendant's argument is without

7    merit.

8         **2.    Economic Damages**

9         Defendant argues Plaintiff will likely seek lost wages from when she was

10   furloughed on March 20, 2020 to September 21, 2021 when she found new employment

11   and her lost wages would be $43,308 or she may seek damages from when she was laid

12   off/terminated on June 23, 2020 to September 21, 2021 when she found new employment

13   and her lost wages would be $57,970.[1]  (Dkt. No. 12 at 9; Dkt. No. 1, Sullivan Decl. ¶¶ 4-

14   5; Dkt. No. 8-1, Tellez-Lagunas Decl. ¶ 3.)  In reply, Plaintiff argues that Defendant will

15   likely argue that Plaintiff's lost wages only began to accrue on September 18, 2020, the

16   formal termination date; therefore, lost wages for that period is no more than $38,964.04.

17   (Dkt. No. 13 at 4-5.)

18        In determining the amount in controversy, the Court must assume that the

19   allegations in the complaint are true and “[t]he ultimate inquiry is what amount is put 'in

20   controversy' by the plaintiff's complaint, not what a defendant will actually owe.”  *See*

21   *Korn*, 536 F. Supp. 2d at 1205.  Therefore, contrary to Plaintiff's argument, the Court

22   looks at what the Plaintiff has put into controversy not what Defendant will argue.  The

23   complaint alleges that Plaintiff was furloughed on March 20, 2020 due to COVID 19, and

24   laid off on June 23, 2020.  (Dkt. No. 1-3, Compl. 16.)  The complaint alleges she was

25

26

27

28   [1] Plaintiff does not challenge the amount of lost wages asserted by Defendant based on March 20, 2020 and June 23, 2020.

1    informed that her layoff would be effective on June 23, 2020 and Defendant paid out the

2    remaining of her unused accrued and earned paid time off through June 23, 2020.  (*Id.*)

3         Therefore, because Plaintiff challenges her layoff, not the furlough, and defendant

4    paid her through June 23, 2020, damages for her lost wages would be around $48,308.[2]

5    Therefore, Defendant need only show that the other damages Plaintiff seeks such as

6    emotional distress, punitive and attorneys' fees amount to more than $31,692.

7         **3.      Emotional Distress**

8         Defendant next contends that emotional distress damages Plaintiff seeks will likely

9    exceed the $75,000 amount in controversy.  (Dkt. No. 12 at 10-11.)  Plaintiff responds

10   that Defendant has failed to bear its burden demonstrating the amount of emotional

11   distress damages by relying on cases that have no relationship with this case.  (Dkt. No.

12   13 at 6-8.)

13        Emotional distress damages may be considered in assessing the amount in

14   controversy and courts may look to damages awarded in similar cases in the geographic

15   area.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district

16   court properly considered . . . emotional distress damage awards in similar age

17   discrimination cases in Washington.").  In *Kroske*, the Ninth Circuit upheld the trial

18   court's finding that emotional distress damages would "at least add an additional $25,000

19   to [the plaintiff's] claim" in an age discrimination case relying on the defendant's citation

20   awards in age discrimination cases and where lost wages amounted to at least $55,000.

21   *Id.*; *see Kroske v. U.S. Bank Corp.*, Case No. 02cv439-RHW, Dkt. No. 14, at 3 (E.D.

22   Wash. June 2, 2003.); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D.

23   Cal. 2002) (finding that although the defendant's cited case was "not perfectly

24   analogous," it still sufficiently "indicate[d] that emotional distress damages in a

25   successful employment discrimination case may be substantial).

26

27

28   ---
     [2] The lost wages is also exclusive of her claims for wage and hour violations which Defendant did not attempt to calculate.

1    Here, Defendant relies on three cases to support its estimate of emotional distress

2  damages but the Court finds *Hamner v. IAR Sys. Software, Inc.*, CV 528985 (San Mateo

3  Super. Ct. June 15, 2016) as the most analogous.  (Dkt. No. 12 at 10-11.)  In that case, the

4  plaintiff, 62-years old, had been employed by the defendant for about two and a half

5  years when he was terminated claiming that the defendant terminated him in order to

6  recruit younger people.  (Dkt. No. 12-2, Hansen Decl., Ex. 2 at 12.)  He alleged age

7  discrimination, failure to prevent discrimination, wrongful termination, and breach of

8  contract.  (Dkt. No. 12-2, Hansen Decl., Ex. 2 at 11-12; Dkt. No. 13-1, P's RJN, Ex. A.)

9  After a jury trial, the plaintiff was awarded, *inter alia*, lost wages of $132,309.18 and

10  emotional distress damages of $150,000.  (Dkt. No. 12-2, Hansen Decl., Ex. 2 at 12.)

11    In this case, Plaintiff was employed with Defendant for a longer period of time of

12  13 years before she was terminated and alleges similar causes of action for age

13  discrimination, failure to prevent discrimination, wrongful termination as well as a

14  number of wage and hours violations.  Plaintiff attempts to distinguish the *Hamner* case

15  because the complaint also alleged a hostile work environment, not alleged in this case.

16  However, the allegation of hostile environment was not a distinct cause of action but

17  alleged under the age discrimination cause of action.  This distinction is not significant

18  enough to negate the amount of emotional distress to support jurisdiction in this case.

19  *See Simmons*, 209 F. Supp. 2d at 1034.

20    Therefore, to the extent Defendant need only demonstrate that emotional distress

21  damages exceed $31,692 to support the amount in controversy, this amount has been

22  satisfied.

23    **4.    Punitive Damages and Attorney's Fees**

24    Defendant also claims that the request for punitive damages and attorney's fees

25  further support the amount in controversy.  (Dkt. No. 12 at 12-15.)  Plaintiff disagrees.

26  (Dkt. No. 13 at 8-11.)

27    "It is well established that punitive damages are part of the amount in controversy

28  in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001),

1 | *superseded by statute on other grounds as stated in Berry v. Am. Express Publ'g Corp.,*

2 | 381 F. Supp. 2d 1118 (C.D. Cal. 2005).  "Punitive damages are available under FEHA."

3 | *Haase v. Aerodynamics Inc.*, No. 2:09-CV-01751-MCE-GG, 2009 WL 3368519, at *4

4 | (E.D. Cal. Oct. 19, 2009) (citing Cal. Gov't Code § 12940).

5 |      Moreover, where an underlying statute authorizes an award of attorneys' fees "such

6 | future attorneys' fees are at stake in the litigation and must be included in the amount in

7 | controversy."  *Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir.

8 | 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that

9 | "where an underlying statute authorizes an award of attorneys' fees, either with

10 | mandatory or discretionary language, such fees may be included in the amount in

11 | controversy.").  Attorneys' fees are recoverable as a matter of right to the prevailing party

12 | under FEHA. Cal. Gov't Code § 12965; *see Nichols v. City of Taft,* 155 Cal. App. 4th

13 | 1233, 1239 (2007).

14 |      Because the combination of economic damages, and emotional distress damages

15 | already support the amount in controversy, the addition of punitive damages and

16 | attorney's fees clearly demonstrate that the amount in controversy is more than satisfied.

17 | Accordingly, the Court concludes that Defendant has demonstrated by a preponderance

18 | of the evidence that the jurisdictional minimum has been met and the Court has subject

19 | matter jurisdiction over the case.

**Conclusion**

21 |      Based on the above, the Court DENIES Plaintiff's motion to remand the case to

22 | state court.  The hearing set on October 7, 2022 shall be **vacated.**

23 |     IT IS SO ORDERED.

24 | Dated:  October 4, 2022

Hon. Gonzalo P. Curiel
United States District Judge